# Feldman, Appellant, *v.* Leace.

*Judgment—Opening of judgment—Judicial discretion.*
It is error to open a judgment upon petition of the judgment defendant, where a responsive answer is filed, and no depositions are taken, and no admissions made of record.

Argued Nov. 18, 1918.   Appeal, No. 227, Oct. T., 1918, by plaintiff, from order of C. P. No. 1, Philadelphia County, March T., 1918, No. 4533, making absolute rule to open judgment in case of Joseph Feldman v. Benjamin Leace.   Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Rule to open judgment.   Before SHOEMAKER, J.
The opinion of the Superior Court states the case.
The court made absolute the rule to open judgment.

*Error assigned* was order of the court.

*E. S. Ward,* for appellant.

No appearance and no paper-book for appellee.

OPINION BY TREXLER, J., March 3, 1919:

The judgment in this case was duly entered by virtue of a warrant of attorney contained in a note which was given for the balance alleged to be due on the purchase price of a certain real estate purchased by the defendant from the plaintiff. The defendant presented his petition to open the judgment alleging that in the settlement made there was a certain item of painting done by one, Lipman, which it was understood had been paid by the plaintiff. Subsequently, defendant alleges he was sued by Lipman for this item. What the result of this suit was is not stated. The opinion of the court states that it is still pending. The answer of the plaintiff to the rule to open is that he has paid all the items which are mentioned in the exhibit attached to the defendant's petition; that all the work was done prior to the conveyance of the property to the defendant, and that there is no liability on the part of the defendant for any work done prior to the defendant having become the owner of the premises.

This answer is responsive but notwithstanding, the learned court, without any depositions having been taken, or any admission being made of record, opened the judgment. This was error.

"The courts have an extensive discretion with respect to the opening of judgments but, as was said in Woods v. Irwin, 141 Pa. 278, this discretion must rest upon a foundation of competent evidence": Emademe v. Weadick, 69 Pa. Superior Ct. 369 (372). We may repeat here what was there said: "There was neither evidence nor consent so far as appears from the record to support the judgment of the court. Under such circumstances the plaintiff's right to the judgment allowed by the statute ought not to be defeated. The judgment was regularly entered and nothing is presented on the record which sustains the action of the court in opening it."

"An application to open a judgment and let the defendant into a defense is substantially an appeal to the equity power of the court and should of course be proceeded in as nearly as may be according to equity practice: O'Hara v. Baum, 82 Pa. 416. A petition and answer thereto are in the nature of bill and answer in equity. The testimony taken by deposition or otherwise is intended to furnish the necessary proof upon which the court acts in making its order or decree opening the judgment, etc., or denying the relief prayed for": Humphrey v. Tozier, 154 Pa. 410.

The order appealed from is reversed and the judgment reinstated.