# Rebecchi, Appellant, *v.* Clark.

*Judgments—Opening judgments—Judicial discretion.*

In an application to open a judgment and set aside a verdict, the court did not err in dismissing the petition, where a responsive answer was filed to the averments of the petitioner, to which no reply was made, and where no testimony was produced to refute the allegations of the answer.

Argued October 13, 1919. Appeal, No. 83, Oct. T., 1919, by plaintiff, from decree of Municipal Court of Philadelphia, November Term, 1910, No. 121, dismissing petition to set aside a verdict in the case of Harry Rebecchi, by his mother and next friend, Helen Rebecchi, and Helen Rebecchi, in her own right, v. Charles H. Clark. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Petition to open judgment and set aside verdict on the ground of fraud and misrepresentation.

The opinion of the Superior Court states the case.

The court dismissed the petition. Plaintiff appealed.

*Error assigned* was the order of the court.

*Henry J. Scott,* and with him *Albert T. Hanby,* for appellant.

*Owen J. Roberts,* for appellee.

OPINION BY PORTER, J., February 28, 1920:

The record, as printed in the paper-book of the appellant, is very meagre. The docket entries, as printed, indicate that, on November 12, 1918, a summons in trespass was issued, service thereof accepted by the defendant, a statement filed by the plaintiff, and an answer by the defendant. A jury trial was waived. On November 15, 1918, the case was heard by one of the learned judges of the court below, who filed a finding of damages in favor of the minor plaintiff in the sum of $100, and in favor of Helen Rebecchi, the mother, in a like sum. Judgment was regularly entered on this finding on November 16, 1918, and on that day the judgment was regularly satisfied by the attorney of record for the plaintiff. The plaintiff, on December 21, 1918, presented a petition alleging that she had been induced to make a settlement of the case through fraudulent misrepresentations and that

she did not know that any judgment had been rendered in her favor or in favor of her minor son, she offered to return the money which she had received and prayed the court to vacate the judgment, whereupon the court granted a rule on defendant to show cause why this should not be done. The defendant filed an answer to this petition, which gave a version of the facts wholly inconsistent with that stated by the plaintiff. When the rule came up for hearing before the court below, counsel for the plaintiff insisted that upon the petition of the plaintiff and the answer of the defendant, without more, the rule ought to be made absolute and declined to produce any testimony although counsel for the defendant asserted that all the witnesses were in court and ought to be heard. The court, upon consideration of the petition and answer held that the latter was responsive to the averments of the former and discharged the rule. The plaintiff appeals from that order.

The part of the record which the appellant has printed in her paper-book indicates that the appellant asserts that the index finger of the right hand of the minor plaintiff had been stiffened as the result of an accident, for which the defendant in some way was responsible, but failed to throw any light upon the circumstances out of which that responsibility arose. Her petition asserted that she had, on October 7, 1918, brought an action in the court of common pleas No. 5 against the defendant to recover damages for said alleged injury of her son. The false representations upon which the petition asserted she was induced to consent to the entry of the judgment in the municipal court, which she now seeks to have set aside, were, in substance, as follows: The petition avers that an agent of the Ocean Accident Insurance Company, which had insured the defendant from liability upon actions of this character, came to the home of the plaintiff and told her she ought to settle the case and that he would take her to an attorney's office where the money would be paid her; that she told him Mr. Scott

was her attorney and she wished to consult him first; that he said "You will never get anything through Mr. Scott, the company won't pay him any money," and the case would be delayed for a year or more, and that she would get nothing; that the only way to get any money at all was to go with him to this attorney's office; that she went with him to the attorney's office where a paper was given her to sign, which, although it was read to her, she did not understand; that she was again told she had better take $200 or she would get nothing, and that believing this to be true she signed the paper and took the money. The answer of the defendant did not undertake to repeat these allegations word for word and then negative them, but it did give a detailed statement of the facts which was totally inconsistent with the averments of the plaintiff's petition. The answer averred that the plaintiff had, on September 19, 1918, executed and delivered a power of attorney to F. Carroll Fow, Esq., a member of the Philadelphia bar, to represent her and her minor son in this claim for injuries alleged to have been sustained by the minor plaintiff on September 15, 1918, at the lumber yard of the defendant; that Mr. Fow got in communication with the defendant, and also the Ocean Accident Company insuring the said defendant, in reference to the claims; that Mr. Fow had a medical examination made of the injured minor plaintiff in order that he might ascertain the nature and extent of the alleged injuries; that the Ocean Accident Company made to Mr. Fow an offer of $200 in settlement of the claims; that Mr. Fow considered the offer a fair and proper one, taking into consideration the character and extent of the injuries and how they were sustained, sent for the appellant who came to his office and he explained to her the entire circumstances of the matter, together with the offer and the plaintiff then and there was satisfied and did accept the offer; that the said Helen Rebecchi, the plaintiff, is not a foreigner and understands perfectly the English language; that she signed her name six times to various

papers concerning the settlement of the case; that the purpose of instituting this suit was because the Ocean Accident Company insisted upon it, in view of the fact that the rights of a minor were involved; that the plaintiff signed and swore to the statement of claim filed in this action, and that, in pursuance of the agreement, the action was started, the answer filed and judgment entered in favor of the plaintiff; that the amount agreed upon was paid and the judgment satisfied by the attorney of record for the plaintiff. The answer further averred that, after having given the power of attorney to Mr. Fow, the plaintiff had given another power of attorney to Frank Marshall, Esq., who took no action in the matter, however, and a third power of attorney to Mr. Scott and that each of these three gentlemen knew that all these powers of attorney were outstanding. The plaintiff did not see fit to file a reply to these allegations of the answer and declined to offer any evidence to refute them. We certainly would not be warranted, in these circumstances, in holding that the court below abused its discretion in accepting these allegations of the answer as true: Feldman v. Leace, 71 Pa. Superior Ct. 239; Kelber v. Pittsburgh National Plow Co., 146 Pa. 485. It thus appears that this plaintiff, instead of being taken by an agent of the insurance company to an attorney of his choosing in order that she might be tricked into a settlement of the case, was sent for by her own counsel, to whom she had given a power of attorney, and the offer which the insurance company had made was fully explained to her by said counsel. There is nothing in the record to suggest that the defendant had any notice that the plaintiff had withdrawn the authority which she had delegated to Mr. Fow, nor is there anything which would warrant the assertion that the action of Mr. Fow in the matter had not been perfectly proper. We are not convinced that the court below abused the discretion with which it was vested.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.