Race *v.* Novis, Appellant.

Argued March 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Sydelle B. Hyman,* and with him *Abram Salsburg,* for appellant.

*Mitchell Jenkins,* of *Jenkins, Turner & Jenkins,* for appellee.

OPINION BY KELLER, P. J., April 15, 1935:

This is an appeal by defendant from an order of the court below refusing to open a confessed judgment. The defendant, in his petition to open the judgment, alleged that he had not signed the judgment note in question; that he can neither read nor write; that the note was a forgery, and that he was never indebted to the plaintiff in any manner whatsoever. In his answer the plaintiff admitted that the defendant did not sign the note but averred that the latter had directed his daughter to sign it for him and that he had handed it to plaintiff after it had been so signed.

It being thus admitted by the plaintiff that the defendant had not signed the note, the burden was on him to show that the defendant's name had been signed to the note by his authority and direction: Kaier Co. v. O'Brien, 202 Pa. 153, 159, 51 A. 760. Plaintiff's evidence on this point lacked that certainty and definiteness which is required where the court determines the matter without submitting it to a jury. Nor did the plaintiff give any satisfactory explanation of why he delayed nearly thirteen years in enforcing its collection.

We think in the circumstances here present there was an abuse of discretion on the part of the court below in refusing to open the judgment and submitting to a jury the question whether the note was signed by defendant's daughter, at his direction, and delivered by him to the plaintiff.

The order is reversed and the rule to open is made absolute that the foregoing question of fact may be submitted to a jury. The judgment and levy to remain a lien pending the determination of the issue.