Matovich *v.* Gradich et ux., Appellants.

Argued April 21, 1936.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Geo. H. McWherter,* and *A. C. Scales,* for appellants.

*Howard H. Whitehead,* of *Crowell & Whitehead,* with him *Harry E. Cope,* for appellee.

OPINION BY CUNNINGHAM, J., September 30, 1936:

The proceeding below was an amicable action in ejectment to recover possession of a house and bakery shop erected on four lots in the Borough of Trafford, Westmoreland County, together with certain trade fixtures installed in the bakery. The action was instituted, and judgments therein entered against the defendants, by virtue of warrants of attorney contained in a lease of the premises for a term of three years from January 1, 1934, made by the plaintiff, George Matovich, as lessor, to the defendants, Frank Gradich and Katherine Gradich, as lessees.

By this appeal we are required to determine whether the court below abused its discretion in refusing to open the judgment in ejectment and stay the execution thereof. The case was disposed of by the court below upon petition, rule and answer, without the taking of any testimony. The pleadings are not as clear and complete as they might have been and, as a consequence, we find a number of statements in the briefs and in the opinion of the chancellor relating to matters outside of those referred to in the pleadings. In this respect, the case at bar is similar to the situation referred to by us in *Hober's Estate,* 118 Pa. Superior Ct. 209, 180 A. 140.

Confining ourselves, as we must, to the matters appearing upon the record brought up by this appeal, we

note that although the term of the lease began on January 1, 1934, payment of the rental of $60.00 per month, (by reason of certain prior and immaterial transactions between the parties) did not begin until January 1, 1935. By the terms of the lease the rent was payable at Westmoreland City, in advance and without demand, and "in monthly installments," due upon the first day of each month. It was also provided that "if the tenant shall default in the payment of any installment of rent, . . . . . . the entire rent for the balance of the said term shall, at once become due and payable as if by the terms of this lease it were all payable in advance." The rent due January 1, 1935, was not paid until January 7th, upon which date it was accepted by the lessor.

The present controversy arose over the installment of rent payable, under the express terms of the lease, on February 1, 1935. In the plaintiff's declaration and assignment of breaches, filed February 5, 1935, it is averred that defendants "defaulted" in the payment of that installment.

By the terms of the warrants of attorney contained in the lease, the confession of two judgments was authorized. In the first warrant it was stipulated that "on every default of payment of rent" etc., the lessees empowered any attorney to confess judgment against them and in favor of the lessor "for the sum due by reason of said default in the payment of rent, including unpaid rent for the balance of the term if the same shall have become due and payable under the provisions [of the lease]," and to issue execution therefor. In the second it was provided that "in case of violation of any of the covenants or agreements" of the lease by the lessees they authorized and empowered any attorney, "either in addition to or without such judgment for the amount due," to appear for them and confess judgment against them and in favor of the lessor "in an amicable action of ejectment for the premises."

The immediate issuing of a writ of a habere facias possessionem, with a clause of fieri facias for the amount of the money judgment and costs, was authorized. The warrants contained a release of errors, but the right to appeal was not waived.

Under the authority thus conferred, a judgment in ejectment for the premises and a judgment for the rent for the remaining twenty-three months of the term —aggregating $1,380—were confessed February 5, 1935, and the appropriate executions issued.

On March 13, 1935, the defendants filed their petition and obtained a rule upon the plaintiff to show cause why the judgment in ejectment should not be opened and the defendants let into a defense and why all proceedings should not be stayed until after the disposition of the rule. In support of their contention that there had been no default in the payment of any installment of rent, the defendants made these averments in their petition:

"Fourth: That on the 1st day of February 1935, a check in the amount of $60.00 payable on or about Feb. 15, 1935, which represented the rent due at that time, was tendered as payment for the said rent to the plaintiff, George Matovich. The said check was accepted but not paid because of lack of funds. At a later date to wit, on or about February 15, 1935, cash money in the amount of $60.00 was tendered to the said George Matovich for February rent as payment for the rent then due. This was likewise refused by the said plaintiff. That on or about February 15, 1935, Check No......., drawn by A. C. Scales, [counsel for defendants] on the Barclay-Westmoreland Trust Company and payable to George Matovich was tendered to the said George Matovich as payment for said February rent and your petitioners believe said check was duly accepted by the said plaintiff.

"Fifth: That on or about March 1, 1935, Frank

Gradich attempted to find the said plaintiff for the purpose of paying the sum of $60.00 as rent for March 1935, but was unable to locate the said plaintiff after diligent search. Upon locating said plaintiff on or about March 2, 1935, the said plaintiff refused $60.00 as payment for the March rent stating that he had other tenants for the property and that his only motive was to force the tenants to vacate the property."

The important date in this case is February 5, 1935, —the day upon which the plaintiff declared the lease forfeited—and the vital question is whether the defendants had by that time made such a payment, or valid tender, of the installment of rent due February 1st as to deprive the plaintiff of his right to declare and enforce a forfeiture. Averments with respect to subsequent tenders are not material.

In his answer to the rule to open, plaintiff quoted and flatly denied the averments of the fourth paragraph of the petition and alleged, on the contrary, that he refused to accept the check tendered on February 1st, because he was informed, upon inquiry of the officers of the bank upon which it was drawn, that it was worthless. The answer also contains the general averment that at no time did the defendants pay or tender the rent "as and when due."

Granting that forfeitures are odious, that the right thereto must be distinctly reserved and promptly exercised, and that payment before the forfeiture has been declared will prevent the exercise by a lessor of the rights exercisable in case of the nonpayment of rent, this plaintiff, if the averments of his answer were true, had a right to declare the lease forfeited on February 5th.

The only check tendered prior to that date was not accepted by him; nor was he bound, under the circumstances set forth in his answer, to accept the check described by defendants in their petition.

The docket entry immediately following the one not-

ing the filing of the answer on March 14, reads: "February Term, 1935, on Argument List." There is no indication in the record that defendants made any effort or offer, at any time, to support their petition with testimony, to be taken before the chancellor, or by means of depositions, or through the appointment of a commissioner. Nor does the record disclose at whose instance this case was set down for argument. Our recollection is that it was stated at the bar of this court during the oral argument that it had been placed upon the argument list at the instance of the defendants. If the defendants placed this case on the list for disposition upon petition and answer, the applicable rule, under all the authorities, would have justified the court in accepting as true the pertinent facts set forth in the answer: *Hober's Estate,* supra, and cases there cited. As the answer fully met and denied the facts upon which defendants relied as their ground for opening the judgment, that would have been the end of the case. But as the record does not show which side placed the case upon the list, and because, for the reasons fully stated in *Dalesandro et al. v. N. Y. U. Ins. Co.,* 121 Pa. Superior Ct. 175, 183 A. 354, we do not deem it proper to base adjudications upon matters stated in oral argument, but not appearing upon the record as certified, we pass this feature of the case.

After full argument, the chancellor on May 6, 1935, entered a decree, supported by an opinion, vacating and setting aside the rule to show cause why the judgments should not be opened and directing the sheriff to proceed with the writ. Exceptions to this decree were argued before the court, in banc; on June 4, 1935, they were dismissed and the order of the chancellor entered as a final decree. This appeal followed.

Our Supreme Court has again indicated the nature of proceedings to open judgments and defined the extent of the duty of an appellate court in disposing of an appeal of the character now at bar. In the recent

case of *Mutual Building and Loan Association of Shenandoah v. Walukiewicz et al.*, 322 Pa. 240, 185 A. 648, it said:

"An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. On appeal we consider only whether the court kept within the bounds of its discretionary power: *Boyd v. Kirch*, 234 Pa. 432; *Newton T. & T. Co. v. Underwood*, 317 Pa. 212; *Kaier Co. v. O'Brien*, 202 Pa. 153, 160. An oath against an oath or a mere conflict of evidence do not warrant the submission of the issue to a jury. The evidence must carry such conviction of truth as to convince the judge that the judgment should be opened and a jury trial awarded: *Mielcuszny et ux. v. Rosol*, 317 Pa. 91. The weight of evidence and credibility of the witnesses are for the judge who sits as a chancellor: *Jenkintown Nat. Bank's App.*, 124 Pa. 337, 344; *Augustine v. Wolf*, 215 Pa. 558, 562."

Appellants were met in this case with a responsive answer; they had the burden of convincing a chancellor that the judgment should be opened and a jury trial awarded. They made no effort to overcome the effect of the answer by persuasive testimony.

After the argument and two days before the opinion and decree of the chancellor were handed down, appellants filed a paper entitled "Reply to New Matter Set Up in Answer," but it contains no averments showing or tending to show that the installment of rent due February 1, 1935, was paid in accordance with the terms of the lease.

As the record stood when the case came on for argument, we cannot say that the chancellor improperly exercised the discretion vested in him. He was justified in accepting the allegations of the answer as true: *Feldman v. Leace*, 71 Pa. Superior Ct. 239; *Rebecchi*

*v. Clark,* 73 Pa. Superior Ct. 596; *Hallgarten & Co. v. Schwing,* 322 Pa. 255, 185 A. 753.

We have considered all the assignments of error; some of them are based upon matters entirely outside of the record; none of them can be sustained, in so far as the judgment in ejectment, awarding possession of the premises to the appellee, is concerned.

We have already directed attention to the unsatisfactory state of the record as printed. In what has been said thus far we have assumed that the prayer of the petition and the decree refer only to the judgment for possession of the land.

If we are in error about this, and if the petition, rule and decree were intended to apply to the money judgment as well, there is another feature of the case to which we should refer.

For the reasons stated at length in *Grakelow v. Kidder,* 95 Pa. Superior Ct. 250, and *Greco v. Woodlawn Furniture Co.,* 99 Pa. Superior Ct. 290, this appellee, having elected to terminate the lease and recover possession of the premises cannot, as attempted here, also enter and enforce a judgment for rent for the balance of the term. He can confess a judgment for future rent accruing under the acceleration clause, or a judgment in ejectment, but not both. Under the election he has made in this case, he can collect only the rent of $60 for the month of February, 1935.

The decree is affirmed, at the costs of appellants, to the extent that it refuses to open the judgment in ejectment, and if intended to apply to the money judgment, it is so modified as to restrict any execution thereon to the sum of $60., with interest and costs.