## Werner, Appellant, *v.* Deutsch.

Argued April 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

*John A. Metz,* with him *Benjamin Jacobson* and *John A. Metz, Jr.,* for appellant.

*Paul C. Ruffennach,* for appellee.

OPINION BY HIRT, J., July 13, 1939:

This is an appeal from an order opening a judgment entered by confession against the defendant.

Plaintiff in 1924 was in the real estate business and

defendant was his sales agent. On sales of lots made by her she was to receive a gross commission of 50% of the purchase price. When sold for cash she received her commission at once, but for the most part lots were sold on an installment plan and on these she was entitled to her commissions only as the installments of purchase price were paid. She left the employ of the plaintiff in 1926 and later in the same year estimated that the commissions due her on deferred payments amounted to about $1,800. Plaintiff alone had a record of the payments on sales upon which her commissions were based, but never made an accounting to her. Defendant testified that in the fall of 1926 she made a demand upon the plaintiff for her commissions; that plaintiff protested that he had neither money nor credit, but suggested that defendant could secure $1,000 to apply on commissions by giving her promissory note to her bank for that amount endorsed by him, and promised to pay off the note as he was able, renewing it from time to time. On a prior occasion when defendant was in plaintiff's employ, the defendant had borrowed $1,000 for the benefit of plaintiff on a similar arrangement, for the reason that plaintiff did not have sufficient credit with his bank to secure the loan. Defendant gave the note, discounted it at her bank, and applied the proceeds on commissions due her from the plaintiff. She testified that prior to August 6, 1928, plaintiff, by various payments, had reduced the note to $750, and on that date gave defendant a renewal note to the bank in that amount endorsed by the plaintiff in the same form as the original note in accordance with her agreement with him.

Defendant was married in February 1928 and she testified that plaintiff informed her that because of that fact the bank demanded additional security for the loan and, at plaintiff's suggestion, she on August 6, 1928, signed and delivered the judgment note in question, with the understanding that it was to be used for the

purpose of giving the bank additional security. The judgment note was never delivered to the bank. Plaintiff, shortly after, paid off the balance of the loan at the bank but he kept the judgment note upon which he had written his name as payee, and after nine years entered it into judgment and issued an attachment execution against the proceeds of insurance on the life of defendant's husband, who had died a few days before the entry of the judgment. During the nine years no demand was made upon defendant for payment.

Defendant maintains that the judgment note was procured from her by fraud. Plaintiff, on the other hand, contends that the whole transaction was a loan by the bank for the benefit of the defendant that he owed her no commissions and that his endorsement was merely an accommodation and that defendant made all of the payments of interest and principal, reducing the note to $750. Plaintiff further testified that because of the bank's insistent demands upon him, he paid the bank $750 to discharge the loan and took the judgment note in question from the defendant to insure repayment of the amount that he paid the bank in settlement of her loan. The lower court accepted the defendant's version of the transaction as true, opened the judgment and let her into a defense.

The principles of law applicable to cases of this nature are well settled. "An application to open judgment entered upon a warrant of attorney is an equitable proceeding, addressed to the sound discretion of the court and to be disposed of in accordance with equitable principles. The judge sits as a chancellor. On appeal this court determines only whether the discretion has been abused." *Burger v. Freedom Twp.*, 126 Pa. Superior Ct. 128, 190 A. 387, and cases cited therein. Since defendant seeks to strike down her written instrument on the ground of fraud, the evidence of the fraud must be clear, precise and indubitable: *Teutonic B. & L. Ass'n v. Stein*, 125 Pa. Superior Ct. 589, 190 A. 189.

There is only oath against oath as to the circumstances attending the giving of the judgment note, but the cashier of the bank was a second witness for the defendant and his testimony corroborates the defendant and discredits plaintiff in a number of material respects, sustaining the allegation of fraud. True, no one other than the parties to this action was present at the time that plaintiff received the note from defendant, but that fact alone does not bar the defendant from her equitable defense, for "the two-witness rule does not require that every detail of one witness's testimony must be verified by the direct evidence of another, but only that a litigant's material, or controlling, allegations must be sustained by either one other witness or equivalent corroborating circumstances." *Morrish v. Morrish,* 262 Pa. 192, 105 A. 83. From the testimony of the cashier of defendant's bank it appears that the plaintiff was unknown to his bank and that $1,000 was advanced on the promissory note of the defendant wholly upon her credit. She could have borrowed without the endorsement of anyone. Because the note was renewed regularly and some payments had been made in reduction of principal, the bank was entirely satisfied with the loan and never pressed either the plaintiff or the defendant for payment. Plaintiff is discredited by this testimony in a vital respect. If no demand was made on him for payment of the loan and if, as he contends, all former payments on the note were made by the defendant, a continuance of the arrangement at the bank by renewal of the note from time to time, to give defendant the opportunity to pay off the loan as she was able, was entirely to his advantage. Since the bank was not pressing for payment, the conclusion is reasonable that plaintiff paid off the loan at the bank because, between the parties, the note was his obligation and not the obligation of the defendant.

Much has been made of the statement of defendant: "I don't say that he owed me any money; what I say is

that he made out a note for himself, a note that he misused, that he was supposed to make out to the bank." This statement obviously relates to the time of the giving of the note in question. Defendant had received $1,000 through the bank loan to apply on her commissions, and since all the records of lot payments were in plaintiff's possession, she was not in position to say that plaintiff owed her more than the $1,000 which she already had received.

When there is more than oath against oath it is for the chancellor to judge the weight of the evidence and the credibility of the witnesses, and to decide to which side the scales incline: *Schuylkill T. Co. v. Sobolewski,* 325 Pa. 422, 190 A. 919. The proof may be clear, precise and indubitable though resting upon the testimony of one witness supported, as in this case, by corroborating circumstances. There is credible evidence sufficient to support the conclusion that the judgment note was secured by fraud, and in this conclusion of the chancellor we are unable to find abuse of discretion.

Order affirmed.