Opinion by
 

 Stadtfeld, J.,
 

 This is an appeal from an order discharging a rule to show cause why a judgment entered by confession should not be opened. The defendants alleged in their petition that the signatures to the note authorizing the confession of judgment were
 
 forged;
 
 the plaintiff in his answer set up the delivery of the note to him by one of the defendants in the presence of the other, in exchange for two prior notes given to secure two separate loans made to the defendants.
 

 In 1923, the defendants, Frank and Amelia Martincic, engaged in the erection of a dwelling house, borrowed $1,000 from the plaintiff, Matija Yidmar. This loan was admitted by defendants to have been made in two separate sums of $300 and $700, but they denied having executed and delivered two notes in the said amounts as evidence of the indebtedness or as security for repayment. Jacob Brencie, a witness, testified that he had made out the said two notes and had seen the defendants sign them. Defendants’ counsel admitted the existence of these two notes. In 1924, defendants made a payment of $60 to plaintiff, and in 1925 another payment of $60 was made. On or about July 7, 1926, Brencic, in his own writing, except for the signatures, made out a $1,000 note which, as he testified, was to be substituted for the two notes previously given to plaintiff, and which he had actually delivered either to one of the defendants or to the plaintiff. He could not recall to which of the interested parties delivery had been made, nor did he know who signed the note. Plaintiff testified that the note for $1,000 had been handed to him by Mrs. Martincic in the presence of her husband and at their home, and that the two previous notes were returned to them in exchange. Defendants denied having signed the notes, denied having authorized anyone to sign and denied that the note had been delivered by either of them to plaintiff. Plaintiff offered no evidence
 
 *49
 
 to prove defendants’ signatures or their authorization, nor does it appear whether the signatures appearing on the note had been affixed before or after the time when the said note was claimed to have been delivered. However, in 1926, defendants paid plaintiff $50 and paid a similar sum in each of the three following years. After 1929, no further payments were made until 1936, when the sum of $200 was paid over to plaintiff. Defendants claimed that all of these payments, totalling $520, were made in reduction of the admitted principal indebtedness of $1,000, inasmuch as the parties had agreed that no interest was to be charged. Defendants admitted an existing indebtedness to plaintiff of $480. Plaintiff, however, contended that the payments had been made to meet the interest charges that the parties had agreed upon, and that defendants are entitled to a credit of $350, paid on account of interest since 1927.
 

 From the action of the court below in discharging defendants’ rule, this appeal was taken.
 

 The testimony indicates that the note had been made out, all except the signatures, by Brencic and that he could not recall to which of the interested parties it had been delivered. The testimony as to whether there had been an actual delivery of the note by defendants was distinctly in conflict. Where, from the uncontradieted testimony, it appears that the defendants had not signed the note, the burden was on the plaintiff to show that defendants’ names had been signed by their authority and direction. See
 
 Race v. Novis,
 
 117 Pa. Superior Ct. 357, 358, 178 A. 164;
 
 Kaier Co. v. O’Brien,
 
 202 Pa. 153, 159, 51 A. 760. Or, similarly, the burden would be on the plaintiff to show that defendants had adopted as their own the signatures appearing on the note at the time of its delivery. Likewise, if the plaintiff seeks to preclude the defendants from contesting the validity of the signatures, the burden of proof rests upon the party alleging and relying on the estoppel. See,
 
 *50
 

 Hill v. Epley,
 
 31 Pa. 331. In the circumstances here present, we think the court below abused its discretion in refusing to open the judgment and submitting to a jury the questions as to whether the note had been signed by the authority and direction of the defendants, whether the signatures had been adopted by them or whether, if the signatures appearing on the note had been affixed prior to its alleged negotiation, they had been misrepresented by the defendants as being their own.
 

 It appears from the record before us that plaintiff failed to adduce proof on any of these questions.
 

 The order of the court below is reversed and the rule to open the judgment is made absolute.