## Tradesmens National Bank & Trust Co. *v.* Lewis, Appellant.

Argued October 28, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Arthur W. A. Cowan,* for appellant.

*Leonard J. Schwartz,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY HIRT, J., December 10, 1943:

Defendant questions the refusal of the court to open a judgment entered by confession against him on a written lease.

As tenants under consecutive leases defendant with his wife had lived in an apartment in Croyden Apartment House in Philadelphia for more than four years. Within that period defendant was employed as a film salesman for Republic Pictures Corporation. He executed the lease in question for an apartment in the Croyden for the term of eleven months beginning November 1, 1940, at a monthly rental of $80. The lease provided, in effect, that if defendant should be transferred to another city by his employer, he would be entitled to be relieved from further obligation under his lease upon giving sixty days written notice of that fact. On October 21, 1940, defendant wrote plaintiff that he had been transferred to Wilkes-Barre by his employer and gave notice of his intention of terminating his obligation on January 1, 1941, under the reservation in the lease. He surrendered the apartment in accordance with his notice and, upon leaving, gave plaintiff his check for rent in full to that date. Plaintiff, on defendant's representation that he in fact had been transferred, supplemented by a letter from his employer to the same effect, accepted the check as a final payment of rent due or to become due, and over its endorsement of the check released defendant from further liability under the lease. Thereafter, on learning that defendant in reality had not been transferred to another city, but continued to maintain his residence in Philadelphia, plaintiff entered judgment for the unpaid rent

to the end of the term of the lease, less credits for rent received from a new tenant occupying the apartment after defendant's removal. Defendant then petitioned to open the judgment, and depositions were taken in support of the rule.

While a court has broad powers on an application to open a judgment, its discretion must be grounded upon sufficient competent evidence. *Hamilton v. Sechrist,* 142 Pa. Superior Ct. 354, 16 A. 2d 671. Plaintiff's affidavit of default avers that defendant removed from the premises in violation of his agreement and that he failed to pay rent due thereafter. In his petition to open, defendant averred that he was justified in leaving by the terms of the lease and that plaintiff accepted his check in full payment of his obligation and released him from further liability. Plaintiff in its answer admits the acceptance of the check and the release but avers that defendant secured the release through fraud and deceit.

In general one who asserts fraud must prove it. Accordingly defendant contends that the burden was on plaintiff to prove by clear precise and indubitable evidence that defendant procured his release through fraud. Cf. *Ralston et ux. v. Phila. R. T. Co.,* 267 Pa. 257, 110 A. 329. Plaintiff on the contrary contends that the burden of convincing the chancellor that the judgment should be opened and a jury trial awarded, was on defendant, (Cf. *Matovich v. Gradich et ux.,* 123 Pa. Superior Ct. 355, 187 A. 65) by testimony not only supporting the averments of his petition but also negativing the averments of fact contained in plaintiff's answer. *Cosmos B. & L. Assn. v. Courtenay,* 257 Pa. 153, 101 A. 315. Since plaintiff's answer admits the release, we think it clear that the burden was on plaintiff to prove the fraud which invalidated it. Cf. *Race v. Novis,* 117 Pa. Superior Ct. 357, 178 A. 164. The release was in writing over plaintiff's endorsement of the check and the 'two witness' rule applied as to the degree of proof

required. The Act of May 28, 1913, P. L. 358, 12 PS 1222, which abolished the rule, excepted proceedings where it is attempted to reform or overthrow a written instrument.

Plaintiff offered no testimony other than the cross-examination of defendant but the testimony so developed established that defendant in fact had not been transferred from Philadelphia and that his representation that he had been, was false. The circumstances corroborate defendant's admissions. Where the testimony of a defendant in itself clearly demonstrates that the judgment against him is valid, a plaintiff is relieved from supplementing it by testimony of other witnesses. Plaintiff by this testimony met the burden upon it.

On leaving the Croyden, defendant and his wife immediately registered at the Drake Hotel in Philadelphia and an apartment was assigned to them where the wife lived continuously thereafter. That became defendant's residence and he has joined his wife there over week-ends as frequently as he did when they lived in the Croyden. There is no credible evidence that defendant established a residence elsewhere. Defendant's territory was not changed; he continued to work as salesman in eastern Pennsylvania and southern New York State. His conduct and method of doing business remained the same. When not in Philadelphia he stopped at hotels within his territory wherever he happened to be at the end of the day, as he always had done. The offices of defendant's superior to whom he is obliged to report are in Philadelphia and not in the Wilkes-Barre area.

On these facts, admitted by defendant, the court was justified in concluding that his asserted transfer from Philadelphia was but a subterfuge in an attempt to be relieved from the obligation of the lease in question. The written statement from defendant's employer to the plaintiff that defendant had been transferred was untrue. The only reasonable inference from the testimony

is that there was collusion between the employer and the defendant to aid him in avoiding further liability under his lease.

Order affirmed.