Ackerman v. O'Such

674

*Frank L. Poswistilo,* for plaintiffs.
*William J. McCarthy, 3rd,* for defendants.

GRIFO, J., September 20, 1971.—This matter is before the court on defendants' motions to open two judgments entered by confession.

On June 30, 1967, plaintiffs, Paul E. Ackerman and Evelyn M. Ackerman (sellers), and defendants, John V. O'Such and Janet L. O'Such (buyers), entered into an agreement for the sale of realty. By letter of May 29, 1969, plaintiffs informed defendants that defendants had defaulted under the agreement. On July 10, 1969, plaintiffs, in accordance with the agreement, filed an amicable action and confession of judgment in ejectment against defendants. Subsequently, a writ of possession was issued and served, and on July 18, 1969, defendants relinquished possession of the subject premises to plaintiffs.

Thereafter, on July 18, 1969, and July 29, 1969, plaintiffs, pursuant to a warrant of attorney contained in the agreement of sale, caused two money judgments to be entered by confession against defendants at May term, 1969, no. 647, and May term, 1969, no. 709, respectively. The averment of default in the former alleged that defendants failed to pay interest due on June 1 and July 1, 1969, and further,

that defendants failed to pay the 1969 Northampton County real estate tax and the 1969 Hanover Township road tax in accordance with the agreement of sale. The averment of default in May term, 1969, no. 709, alleged that defendants removed and damaged certain items at the subject premises in breach of the agreement of sale.

In their petitions to open judgment, defendants specifically allege having paid the interest and taxes in question and specifically deny having removed and/or damaged the items in question. They further allege that even if plaintiffs' allegations in the averment of default are taken as true, no default occurred under the terms of the agreement of sale. In their answers, plaintiffs specifically deny these allegations.

The matter is now before the court for disposition of defendants' motions to open judgment. In addition, plaintiffs, on September 30, 1970, moved for leave to amend their answer. The matter is now before the court for disposition of plaintiffs' motions to amend their answer.

It is well-settled principle that the existence of a just, meritorious, sufficient and valid defense to the original cause of action on which a judgment is entered, is a prerequisite to the opening of the judgment. The burden is on the party seeking to open the judgment to produce such evidence as would persuade the court that, upon submission of the issue to a jury, a verdict in their favor could be upheld: Ahrens v. Goldstein, 376 Pa. 114 (1953), 102 A. 2d 164; Schuylkill Trust Co., et al., v. Sobolewski, et ux., 325 Pa. 422 (1937), 190 Atl. 919. The burden of proof on the petitioner is such that he must affirmatively show that there is a good defense to the original action, not merely allege such defense. An oath against an oath, or a mere conflict of evidence, does not warrant the

submission of the issue to the jury: Matovich v. Gradich et ux., 123 Pa. Superior Ct. 355 (1936), 186 Atl. 261; Mielcuszny et ux. v. Rosol et ux., 317 Pa. 91 (1934), 187 Atl. 65. In the absence of such persuasive testimony, whenever the averments of the petition are denied in the answer, the court will accept as true the pertinent facts set forth in the answer: Matovich v. Gradich, supra. Petitioner's material allegations must be sustained either by one other witness or by equivalent corroborating circumstances in order to overcome the effect of the answer: Werner v. Deutsch, 135 Pa. Superior Ct. 519 (1939), 7 A. 2d 511. However, when it appears that the subject matter of the defense is attached to the judgment or to the consideration on which it rests, the court, under its equitable powers, will, if the facts warrant, open the judgment; petitioner may be permitted to attack the validity of the claim on which the judgment is founded: Stroud's Appeal, 109 Pa. 326 (1885); Pollard & Brant, Inc. v. Stein, 81 Pa. Superior Ct. 374 (1923).

In order to apply the foregoing principles to the case at bar, it is necessary to examine the depositions taken in this matter. For the sake of clarity and convenience, we shall consider the actions separately.

In regard to May term, 1969, no. 647, the evidence may be summarized as follows:

1. *Interest Payments:* The depositions of both parties agree that 28 payments were made by way of 22 checks. Recourse to the amortization schedule in evidence reveals that 28 payments were allocated to principal and 22 to interest. At the time judgment was confessed, there should have been 24 payments on interest. Defendants have sought to establish that part of the prepaid principal should be allocated to the interest account.

The fact that defendants had prepaid on the prin-

cipal is of no consequence. Such payments may not be applied to the interest account. Where a debtor in making payments stipulates that they shall be applied to principal and the creditor accepts, without immediate protest, such acceptance is tantamount to a binding agreement with which the law will not interfere: Kann v. Kann, 259 Pa. 583, 103 Atl. 369 (1918).

2. *Taxes:* Through questioning of plaintiffs, defendants attempted to show that defendants were not in default in payment. The question concerns the date when the taxes should have been paid. The agreement of sale stipulates that taxes shall be paid by defendants within 30 days of the date when they are levied or made.

It is well settled that real estate taxes become a liability on the date of their assessment: Theobald v. Sylvester, 27 Pa. Superior Ct. 362 (1905); Marsh v. Erhard, 354 Pa. 570, 47 A. 2d 713 (1946); Gallagher Estate, 30 D. & C. 2d 162 (1963). Since the official billing date must necessarily post-date the assessment date, and since the official billing dates of the taxes in question were May 1 and June 1, 1969, defendants must necessarily have been in default at least by July 1, 1969, according to the terms of the agreement of sale. Defendants have produced no persuasive evidence to indicate the contrary.

Defendants further contend that where a judgment is obtained by confession and no specific amount is designated in the original confession clause, defendants should be allowed to open the judgment so as to determine the precise amount due. In view of the manner in which the judgment was confessed, this contention has no merit: Kros v. Bacall Textile Corp., 386 Pa. 360, 126 A. 2d 421 (1956); Noonan, Inc. v. Hoff, 350 Pa. 295, 38 A. 2d 53 (1944); Kahn v. Harlan, 55 Pa. Superior Ct. 568 (1914).

Even were we to construe the evidence in a light most favorable to defendants, it is apparent that, in point of law, they have no valid defense to the original action.

In regard to May term, 1969, no. 709, the evidence may be summarized as follows:

1. Unsupported allegations that defendants did not remove items alleged by plaintiffs to have been removed from the premises.

2. Unsupported allegations that any damage done in connection with the renovation of the premises was with the consent of plaintiffs.

3. Admissions that defendants removed certain items from the premises.

4. Unsupported references that the cost of replacing certain of the allegedly missing items does not reflect the actual depreciated value of such items.

It is apparent from the state of this evidence that defendants have not met their burden of persuasion. Again, defendants may not cause the judgment to be opened by merely asserting that there is a factual issue as to the amount of damages: Kros v. Bacall, supra.

In view of the foregoing, it becomes unnecessary to reach the question of plaintiffs' motion to amend their answer in either May term, 1969, no. 647 or no. 709.

Accordingly, the court enters the following

### ORDER OF COURT

And now, to wit, September 20, 1971, motion to open judgment at May term, 1969, no. 647, of defendants, John V. O'Such and Janet L. O'Such, is denied and dismissed. Motion to open judgment at May term, 1969, no. 709, is likewise denied and dismissed.