J-A20014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VASYL S. KOVALCHUK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YELENA V. KOVALCHUK | : | |
| | : | |
| Appellant | : | No. 1483 MDA 2022 |

Appeal from the Order Entered October 14, 2022
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2016-02446

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:           **FILED DECEMBER 04, 2023**

Yelena V. Kovalchuk ("Wife") appeals from the order entered by the Cumberland County Court of Common Pleas on October 14, 2022. Although Wife has included an argument section in her appellate brief, this section consists mostly of factual arguments from previous litigation in this matter, making it difficult to discern the actual issues Wife purports to raise on appeal that are properly before us. After careful review, we affirm.

As noted by the trial court, the procedural history of this case is both extensive and tortured. Mother married Vasyl S. Kovalchuk ("Husband") on March 4, 2006. Husband initiated divorce proceedings by filing a complaint for divorce on April 29, 2015.

_____

[*] Former Justice specially assigned to the Superior Court.

Following hearings in December 2017 and January 2019, the divorce master filed a report and recommendation on April 8, 2019. The master's report recommended an equitable split of 60/40 in favor of Wife, with the net result being a recommendation that Wife make a one-time equitable distribution payment of $2,662.60 to Husband. The report further recommended that Husband pay Wife alimony of $2,000 per month for four years. However, the master also recommended that Wife pay Husband $2,500 in attorney's fees due to Wife's dilatory behavior during the litigation.

Wife, though still represented by counsel, filed *pro se* exceptions to the master's report. Nonetheless, the trial court entered a decree in divorce on May 10, 2019. The decree indicated that there were no outstanding issues left to be resolved.

On May 14, 2019, the trial court filed an order directing Wife to make a one-time equitable distribution payment of $2,662.60 to Husband within sixty days; Wife to make a one-time payment of $2,910.00 to Husband representing the award of counsel fees and costs; and Husband to pay Wife alimony in the form of $2,000.00 per month, for four years from entry of the divorce decree.

On June 14, 2019, the trial court entered an order responding to Wife's claim that a *pro se* notice for a *de novo* hearing that she had filed prior to the divorce decree remained outstanding. The trial court stated that Mother was represented by counsel at the time of the filing, and therefore any *pro se* filing

during that period was considered impermissible hybrid representation. *See* Order, 6/14/2019. The court further stated that Wife's request was moot as she failed to timely file an appeal from the final divorce decree. *See id*. Wife appealed the June 14 order to this Court. We later quashed the appeal as an untimely appeal from the divorce decree. *See V.S.K. v. Y.V.K.*, 1085 MDA 2019 (Pa. Super. filed September 4, 2019) (unpublished order).

On September 19, 2019, Husband filed a petition for enforcement of the May 14, 2019 and July 15, 2019[1] orders of court, and for sanctions. The trial court directed Wife to show cause why Husband's requested relief should not be granted. Wife did not file a response.

On October 22, 2019, the trial court entered an order directing Wife to pay Husband the remainder owed pursuant to previous orders, specifically $3,572.60, and sanctioned Wife in the amount of $500.00.

On November 21, 2019, Wife filed a motion for modification of support, alleging a change in circumstances. The trial court directed Husband to show cause why Wife's requested relief should not be granted. Husband filed an answer, requesting the court deny the motion for modification.

---

[1] While we cannot locate this order in the record, its existence appears to be undisputed. Both Husband and Wife reference this order as a contempt order, directing Wife to pay $1,500.00 for "obstreperous and invective behavior". *See* Petition for Enforcement of Orders, filed 9/19/19, at ¶ 9. Mother did not dispute the order itself, but maintained there was no support in the record for the finding. *See* Motion for Reconsideration, filed 10/25/19, Exhibit C.

On January 28, 2020, the trial court entered an order directing the domestic relations office to credit Husband's alimony payments to Wife in the amount of $4,072.60 in order to satisfy the October 22, 2019 order.

On March 5, 2020, Husband filed a motion for reconsideration of the January 28, 2020 order. In the motion, Husband stated that his alimony payments were not paid through domestic relations, but rather through direct payments to Wife. Accordingly, since domestic relations could not perform the credit directed by the trial court, Husband requested that the trial court enter a new order directing that Husband's direct payments to Wife be credited in the amount of $4,072.60. Specifically, as Husband paid Wife $2,000.00 monthly in alimony, he requested to pay no alimony in April and May 2020, and only pay $1,927.40 in June 2020 in order to satisfy the credit.

On March 16, 2020, the trial court entered an order granting Husband's requested relief. Wife filed an appeal to this Court. However, we quashed the appeal based on Wife's failure to respond to a rule to show cause. *See **Kovalchuk v. Kovalchuk**, 619 MDA 2020 (Pa. Super. filed June 8, 2020) (unpublished order).

The dispute that forms the basis of the current appeal began in June 2020, when Husband filed a petition to terminate or modify alimony, alleging a change in Mother's income. Following several hearings, the divorce master issued a report and recommendation on April 1, 2021. Relevantly, the divorce master believed that alimony remained necessary for Wife's support, but

- 4 -

believed a downward deviation was justified. Accordingly, the divorce master recommended Husband pay Wife $500.00 per month in alimony for the remainder of the term of the original alimony order; that such payment should apply retroactively to payments made after November 3, 2020; and Wife should repay any overpayment by Husband within one year of the entry of a modification order. No exceptions to the divorce master's report were filed by either Wife or Husband.

However, Wife did file an appeal from the master's report and recommendation to this Court. We quashed the appeal due the fact that no order of court had been filed to appeal from, and due to Wife's failure to respond to a rule to show cause. **See Kovalchuk v. Kovalchuk**, 490 MDA 2021 (Pa. Super. filed June 14, 2021) (unpublished order).

On April 22, 2021, Husband filed a motion seeking to have the master's recommendation memorialized as an order of court, as no exceptions had been filed by either party. On May 3, 2021, the trial court entered an order reducing Appellee's alimony obligation pursuant to the divorce master's recommendation. The reduction was retroactive to November 3, 2020. The court ordered Wife to repay any overpayment made by Husband within a year. No appeal was taken from that order.

One year and one day later, Husband filed a petition for enforcement of the May 3, 2021 order of court, and for sanctions. In his petition, Husband asserted that he had made $7,500 in overpayments to Wife, based on the

retroactivity of the reduction in alimony. He further asserted that Wife had failed to make any payments pursuant to the May 3, 2021 order. Husband also alleged that the court had directed Wife to reimburse Husband for his attorney's fees in their custody action. Accordingly, Husband requested that his remaining alimony payments, totaling $5,500, be terminated, and that the additional $2,000 in overpayment be credited to his child support obligation.

Following Wife's answer to a rule to show cause, along with a cross motion, the trial court ordered that argument be heard on the matter at a hearing already scheduled on the custody docket pertaining to the same parties in front of the same judge. However, due to continuations on the custody docket, an order was entered on August 8, 2022, separating the divorce and custody matters and setting argument on the divorce matter for September 30, 2022.

Following argument, the trial court entered an order on October 14, 2022, directing that Husband's alimony obligations be offset against the amount owed to him by Wife due to overpayment. Accordingly, the order terminated Husband's obligation to make future alimony payments as of the date of the order and directed that any remaining balance owed by Wife to Husband be used to offset Husband's outstanding child support obligations. This timely appeal followed.

Preliminarily, we must determine what, if any, issues Wife has preserved on appeal. We note the trial court ordered Wife to file a Pa.R.A.P.

1925(b) concise statement of errors complained of on appeal. Wife did file a statement, but it is anything but concise. In fact, the statement is an eight-page narrative alleging the trial court has been biased against Wife in a multitude of ways and has made numerous errors. While the statement concluded with eleven errors assigned to the trial court, Wife's introduction and procedural history section included in the statement also included multiple complaints about the trial court. A majority of these issues pertain to the calculation of alimony in the first place, and the subsequent modification to the alimony owed from Husband to Wife. The trial court noted in its responsive Rule 1925(a) opinion that many of Wife's issues relate to past litigation in this matter that is not currently appealable.

Like her Rule 1925(b) statement, Wife's brief on appeal is not a model of clarity. While Wife's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Wife only raises two issues in her statement of questions presented section of her brief, but divides her argument section into four sections. These argument sections are disjointed and rambling, making it difficult to identify the actual issue being presented.

As far as we can decipher, Wife first contends the trial court incorrectly assessed the statutory alimony factors. Wife highlights that she was the homemaker for the family while Husband furthered his education. Further, she alleges that Husband saddled her with marital debt prior to the divorce.

We begin by noting that the October 14, 2022 order, the order currently under appeal, addressed Wife's failure to comply with earlier alimony orders issued by the court. Wife's arguments address these prior alimony orders but notably do not set forth any possible defense for her failure to comply with the prior alimony orders. As such, she does not present on appeal any argument that could grant her relief from the October 14, 2022 order. **See Phila. Marine Trade Ass'n v. Int'l Longshoremen's Ass'n, Locs. 1291, 1332, 1566, 1242 & 1242-1**, 308 A.2d 98 (Pa. 1973) ("An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." (citation and brackets omitted)).

In her second argument, Wife appears to claim that the trial court erred in excluding a stenographer from the September 30, 2022 proceedings. **See** Appellant's Brief at 27. While Wife argues that the trial court had "an obligation to preserve testimony and evidence" at those proceedings, she fails to make any effort to describe what evidence was presented. Wife acknowledges that she was unable to locate any Pennsylvania authority requiring transcription of oral arguments. **See id.** at 28.

Similarly, our independent research reveals no such authority. Rather, it appears to be accepted that oral argument is generally not of record. **See, e.g., CoreStates Bank, N.A. v. Cutillo**, 732 A.2d 1053, 1056 (Pa. Super. 1999). What our jurisprudence does require is that any fact that a court relies

upon in reaching a decision be of record either through transcribed testimony or through admissions of parties. *See Matovich v. Gradich*, 187 A. 65, 68 (Pa. Super. 1936).

Here, the trial court did not rely upon any testimony from the September 30, 2022 proceedings. Rather, the court relied upon Wife's admissions that she had not complied with the prior court orders. Accordingly, Wife has not established that the trial court erred in failing to have the September 30, 2022 proceedings transcribed.

Nest, Wife contends that she should have been awarded attorney's fees in the child support matter because she believes she should have prevailed at a previous proceeding. That proceeding is not in the certified record before us. Further, Wife cites to no authority that would allow us to review that proceeding and retroactively award her attorneys' fees. Indeed, even when an obligee prevails in a child support proceeding, an award of attorneys' fees is not automatic, but is a matter addressed to the discretion of the trial court. *Krebs v. Krebs*, 944 A.2d 768, 778 (Pa. Super. 2008). So, even if the issue was properly before us, we would be in no position to award Wife attorneys' fees. Therefore, Wife's third issue on appeal merits no relief.

We find Wife's fourth and final argument section the most difficult to parse, but from what we can ascertain, Wife seems to assert the trial court failed to consider the best interests of the children, and that this Court should change its standard of review. Once again, Wife is referencing a separate

custody proceeding that is not of record in this appeal. In any event, the order appealed from does not in any way address custody of the parties' children. Instead, it merely addresses an economic conflict between Husband and Wife. As such, we have no jurisdiction to address Wife's argument in this appeal.[2]

Ultimately, even if we were to discern that any of Wife's issues are preserved for our review, we simply cannot provide the relief Wife is seeking – to reinstate the original order of alimony and child support. **See** Appellant's Brief at 37. We agree with the trial court the only issue currently at hand is whether or not it was error for the trial court to rectify Wife's failure to comply with the May 1, 2021 order, by assessing Wife's outstanding credit against Husband's support obligations in the October 14, 2022 order. Importantly, Wife does not dispute her failure to comply with the May 1, 2021 order.

Accordingly, as we find Wife's issues are either waived or not properly before us, and because we are unable to provide Wife with the relief she specifically seeks, we affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

---

[2] To the extent Wife argues it was inappropriate for the trial court to offset Husband's child support obligations with overpayments relating to alimony, we note that, as of September 30, 2022, Husband has sole legal and physical custody of the parties' children. **See Kovalchuk v. Kovalchuk**, 1420 MDA 2022 (Pa. Super. filed March 8, 2023) (unpublished memorandum). Therefore, any child support payments that were offset were arrears. The economic offset at issue here does not impact the future support for the children.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/04/2023