J-A18006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES R. GUTHRIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CONSOL PENNSYLVANIA COAL | : | No. 142 WDA 2021 |
| COMPANY AND CNX LAND, LLC | : | |

Appeal from the Order Dated January 5, 2021
In the Court of Common Pleas of Greene County Civil Division at No(s):
A.D. No. 508 of 2019

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED: NOVEMBER 15, 2021**

Appellant, Charles R. Guthrie, appeals from an order entered on January 5, 2021 in the Civil Division of the Court of Common Pleas of Greene County which granted a motion for judgment on the pleadings filed by Appellees, Consol Pennsylvania Coal Company (Consol) and CNX Land, LLC (CNX) (collectively Appellees). We affirm.

The trial court accurately summarized the relevant facts established by the pleadings filed in this case.

> [In his complaint, Appellant alleged that he], along with Charles E. Guthrie, owned approximately 122 acres in Greene County (the subject land) which they [conveyed to Consol] by deed dated January 16, 2003. In said deed, the grantors reserved unto themselves a right of first refusal, for their respective lifetimes, to repurchase the subject land in the event that [Consol] "receives a bona fide offer from a third party desiring to purchase the [subject land] or any portion thereof." ***See*** January 16, 2003 Deed. The deed further specifically provides that "[t]his first refusal shall not

prohibit or restrict [Consol] or [Consol's] successors from transferring the subject [land] or any interest therein to any of [Consol's] affiliated companies at any time." ***Id*.**

After Charles E. Guthrie passed away in 2007, thus vesting the exclusive right of first refusal [in Appellant], [Consol] conveyed the surface of the subject land to [CNX,] an affiliated entity at the time of the conveyance[,] on May 22, 2015. The parties agree that at the time of the conveyance to CNX, CNX and [Consol] were affiliated entities and thus the right of first refusal on the subject land was not triggered. However, on or about November 29, 2019, [Consol] and CNX disaffiliated and became two separate and distinct entities. [Appellant] avers that this disaffiliation created two distinct and legally separate business entities thus triggering the right of first refusal. [Appellant] was never informed of [either the conveyance or disaffiliation] and therefore claims that [Consol] breached the preferential rights contained in the January 16, 2003 deed.

Apart from the January 16, 2003 deed, [Consol, Charles E. Guthrie, and Appellant] entered into an occupancy agreement of the same date wherein the owner, [Consol], granted the occupants, [Appellant] and Charles E. Guthrie, the right to use the surface of 115 acres of the subject land for certain listed purposes. Specifically, [Appellant] was afforded the use of the subject land for "cattle farming and personal recreational game hunting," as well as the use of the property for agricultural purposes including using spring water thereon. ***See*** Appellant's Brief in Opposition to [Appellee's Motion for Judgment on the Pleadings], at 4. The occupancy agreement further reserves [unto the] owner, "all rights not expressly given to occupants under this agreement," specifically including "all rights that owner deems necessary or useful or convenient to mine and remove all coal" and to "carry out such activities as owner may deem necessary, useful or desirable including but not limited to constructing, operating, monitoring, maintaining … above-ground and below ground facilities." Occupancy Agreement, at 4. Pursuant to its reserved rights, CNX erected a compressor station located on the subject land. [Appellant] contends that this breach of the occupancy agreement has damaged him through the loss of the subject land for the purpose of recreational game hunting. As such, [Appellant] seeks damages for the loss of use in an amount in excess of $50,000.00.

> In [their motion for judgment on the pleadings, Appellees] claim[ed] that "[Appellant's preferential rights have not been implicated" and therefore, "his claims sounding in specific performance and unjust enrichment must fail." [**See** Appellee's Motion for Judgment on the Pleadings], at 4. [Appellees] further contend that "CNX's use of the surface property is fully authorized by the occupancy agreement" and therefore "[Appellant's] claim for breach [of contract] fails as a matter of law." **Id.** at 5.

Trial Court Opinion, 1/6/21, at 1-3 (footnote and miscellaneous capitalization omitted).

On June 3, 2020, CNX filed a motion for judgment on the pleadings. Thereafter, on June 16, 2020, Consol also moved for judgment on the pleadings. The trial court heard argument on December 10, 2020 and, on January 5, 2021, entered an order granting Appellees' motions for judgment on the pleadings.

Appellant filed a notice of appeal on January 28, 2021, followed by a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on February 23, 2021. In a statement issued pursuant to Pa.R.A.P. 1925(a), and docketed on March 1, 2021, the trial court relied on the reasons set forth in its January 5, 2021 as grounds for granting Appellees' motions for judgment on the pleadings.

Appellant's brief raises the following questions for our review.

> Did the [trial] court err in granting judgment on the pleadings based on a finding that there was no receipt of a *bona fide* third-party offer?

> Did the [trial] court err in granting judgment on the pleadings based on a finding that the language of the parties' operating

- 3 -

agreement reserved unto [Consol] all rights not expressly given to occupants?

Appellant's Brief at 14 (block capitalization omitted).

When a litigant challenges an order granting judgment on the pleadings, our standard of review is well-settled.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Erie Insurance Exchange v. Mione*, 253 A.3d 754, 759 (Pa. Super. 2021) (citation and quotation omitted). Contract construction and interpretation, including the legal effect and enforceability of a contractual provision, present questions of law, over which our standard of review is *de novo*. *See Pops PCE TT, LP v. R&R Restaurant Group, LLC*, 208 A.3d 79, 87 (Pa. Super. 2019). "When the words of a[ contractual] agreement are clear and unambiguous, the intent of the parties is to be ascertained from the language

- 4 -

used in the agreement, ... which will be given its commonly accepted and plain meaning [.]" *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009) (citations omitted).

In his opening claim, Appellant asserts that the trial court erred in finding that no *bona fide* third-party offer triggered the right of first refusal provision in the parties' contract. Appellant's argument rests on the assertion that "the disaffiliation of [Consol] and CNX [on November 29, 2019] triggered the *bona fide* offer from a third party not subject to the right of first refusal who was, at that time, no longer an affiliated of [Consol]." Appellant's Brief at 21. Appellant simply asks this Court to infer a *bona fide* third-party offer from the fact that a conveyance occurred when Consol and CNX disaffiliated. This contention is inconsistent with the plain terms of the parties' deed and, thus, fails.

The original conveyance deed provided that only a *bona fide* offer from a third party seeking to purchase the subject property would trigger Appellant's right of first refusal. Neither side disputes that the conveyance from Consol to CNX in May 2015 failed to trigger Appellant's right of first refusal because, at that time, CNX remained a wholly owned subsidiary of Consol. Thereafter, as the trial court determined, although the separation of Consol and CNX effectively conveyed the subject property, it did not establish a *bona fide* offer from a third-party desiring to purchase the land. In its opinion, the trial court observed:

- 5 -

> While [the trial court agrees] with [Appellant] that the separation of [Consol] and CNX effectively conveyed the subject property to the same extent as would have occurred by deed, [Appellant] has failed to identify the requisite *bona fide* offer for a purchase of those interests. Indeed, when a contract requires such a condition precedent, [Appellant's] right of first refusal is not implicated until such occurrence.

Trial Court Opinion, 1/6/21, at 6.

We concur with the trial court's conclusion. The parties' deed unambiguously conditioned Appellant's right of first refusal upon Consol's receipt of a *bona fide* offer from a third party interested in acquiring the property. There are no facts, circumstances, or allegations in this case which suggest that Consol received an offer that triggered Appellant's right of first refusal. Hence, Appellant is not entitled to relief on his first claim.

In his second claim, Appellant asserts that the trial court erred in construing an occupancy agreement between the parties to reserve all rights to Appellees which were not expressly given to Appellant. Appellant maintains that the reservation of rights provision in the occupancy agreement is somehow, without elaboration or explanation, ambiguous and inconsistent with the express rights conveyed to him in the contract. We conclude that the trial court correctly interpreted the plain and unambiguous reservation of rights provision in the parties' occupancy agreement and properly entered judgment on the pleadings in favor of Appellees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2021