J-A20023-23

2023 PA Super 179

| | | |
|---|---|---|
| SAMUEL A. AND SUSAN J. STOLTZFUS, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1323 MDA 2022 |
| GREEN LINE LABS, LLC | : | |

Appeal from the Order Entered August 22, 2022
In the Court of Common Pleas of Lancaster County
Civil Division at CI-21-05354

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

OPINION BY MURRAY, J.:                    **FILED SEPTEMBER 25, 2023**

Samuel A. and Susan J. Stoltzfus, husband and wife (Appellants), appeal from the order striking the confessed judgment against their tenant, Green Line Labs, LLC (GLL).  We affirm.

On June 1, 2020, GLL leased from Appellants a 10,000 square-foot space, known as "The Greenhouse," and four parking spaces (with one space at the loading dock) (the Property).[1]  Lease, 6/1/20, Preamble, ¶ 1.  Under the Lease, GLL agreed to pay Appellants $55,000 per year, with monthly payments of $4,583.33.  *Id.* ¶ 2.  GLL leased the Property for use as a "hemp genetics cultivation facility." *Id.* ¶ 5.

_____

* Former Justice specially assigned to the Superior Court.

[1] The Property is located at 5541 Old Philadelphia Pike, Gap, Pennsylvania. Lease, 6/1/20.

The trial court explained what next transpired:

This case commenced on August 6, 2021, when Appellants filed [a] Complaint for Confession of Judgment for Money and in Ejectment for Possession of Real Property ("Complaint") against [GLL] …. *See* Complaint. Therein, Appellants assert[ed] the following: failure to pay rent when due, using leased premises beyond the uses permitted in the lease, altering the leased premises without approval, unauthorized storage, engaging in activities not permitted in the lease, and failure to provide proof of liability insurance. Complaint[, 8/6/21,] at 2.

Trial Court Opinion, 11/15/22, at 2. Appellants claimed past rent, accelerated rent, and counsel fees totaling $110,766.17. Complaint, 8/6/21, at 2.

At the same time, Appellants confessed judgment for past-due rent, accelerated rent, and possession of the Property. Confession and Ejectment, 8/6/21, at 1. Appellants additionally filed Pa.R.C.P. 2958.1 Notice of Judgment and Execution Thereon. On October 12, 2021,

Appellants filed [a] Praecipe for Writ of Possession Upon a Confessed Judgment, declaring that notice required under Pa.R.C.P. 2973.3 was served more than thirty days prior; a Writ of Possession was filed in tandem with the praecipe. On November 11 , 2021, [GLL] contacted [c]ounsel for Appellants [(Counsel)] in an attempt to settle the matter. [GLL] asserts that Counsel responded on November 16, 2021, with the following conditions: [GLL] must pay all past due rent and rent through the end of the year totaling $23,291.65[;] [GLL] must pay legal fees and costs totaling $10,750.00[;] all storage must by cleaned up and removed[;] and [Appellants] provided a "less than 24-hour deadline" to do so. [GLL] states [it] was unable to secure the amount of money requested on such short notice and offered to pay $10,000.00 the following day in good faith, with the remaining funds to be tendered to Appellants on November 24, 2021[.] Counsel for Appellants refused the counteroffer.

Trial Court Opinion, 11/15/22, at 3-4 (citations omitted).

On November 17, 2021, Appellants ejected GLL from the Property:

> Appellants filed [a] Praecipe for Writ of Execution. On November 23, 2021, and December 16, 2021, [GLL] contacted Counsel for Appellants to request access to the [Property] so [GLL] could remove rented equipment which needed to be returned to its owner, Plant Productions. [GLL] state[d] both requests were denied, and as a result, Plant Productions filed criminal charges for theft. On March 23, 2022, Appellants brought [GLL's] goods, inventory, equipment, fixtures, and other assets to public auction, where, according to [GLL], neither the auction company nor Appellants verified ownership of the assets.

*Id.* at 4-5 (citations omitted).

> Relevant to this appeal,

> [o]n June 17, 2022, [GLL] filed [a] Petition to Strike and/or Open Judgment Entered by Confession[,] alleging the record in this matter is fatally flawed and has irregularities on its face[;] the docket does not reflect proper service[;] there is no relation between the *cognovit* clause in the Lease and [GLL's] signature[;] and Appellants are attempting double recovery for a single wrong. In response, Appellants countered, *inter alia*, that a revised Sheriffs Notice of Service, attached to their answer, showed all documents were served on [GLL] as required[;] [GLL's] Petition was time[-]barred and did not provide any explanation for the delay[;] and [GLL] admitted to default in their Petition and action was taken pursuant to the Lease.

> Thereafter, [GLL] filed a reply alleging the Sheriff's Notice of Service from filed [*sic*] September 10, 2021, and the Sheriff's Notice of Service provided by Appellants in the Answer/New Matter[,] significantly differ, and that the matter of effective service is unclear. Moreover, [GLL] assert[ed] Appellants improperly entered judgment for possession **and** accelerated rent simultaneously, and failed to address this issue in the Answer/New Matter, beyond [stating the issue is] a conclusion of law. As a result, [GLL] contends, Appellants have waived [] any possible defense or objection pursuant to Pa.R.C.P. 2959(c).

*Id.* at 5-6 (emphasis added, citations omitted). In its reply, GLL requested only that the court grant its petition to strike. GLL's *Sur* Reply to Appellants' Answer in Opposition, 8/2/22, at 3 (unnumbered).

On August 22, 2022, the trial court granted GLL's petition to strike the confessed judgment. Order, 8/22/22. Thereafter, Appellants filed the instant timely appeal. Appellants and the trial court have complied with Pa.R.A.P. 1925.

Before we consider Appellants' substantive issues, we address whether this appeal is properly before us. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa. Super. 2009). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable."[2] ***Id.***

Under Pa.R.A.P. 341, a final order disposes of all parties and all claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination under Rule 341(c). Pa.R.A.P. 341(b)(1)-(3).

> [W]here an order is issued that grants a motion to strike a judgment, such an order is generally not appealable, *i.e.*, it is not an interlocutory order from which an appeal as of right may lie. Such an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment. … **[However, when] the order striking the judgment ends the litigation as to all parties and all claims[, it is] a final order as defined in Pa.R.A.P. 341(b) and an appeal may be taken as of right.**

---

[2] On October 21, 2022, this Court issued a rule to show cause why the appeal should not be quashed for lack of jurisdiction. Rule, 10/21/22. Appellants filed a response to the rule on November 2, 2022. This Court discharged the rule, but advised Appellants the issue might be revisited by the merits panel. Order, 12/27/22.

*United Parcel Serv. v. Hohider*, 954 A.2d 13, 16 (Pa. Super. 2008) (emphasis added). Thus, we consider whether the trial court's order striking the confessed judgment ends all litigation between Appellants and GLL. *See id.*

Our review discloses that Appellants' Complaint sought the following relief:

> Judgment in ejectment in [Appellants'] favor and against [GLL] for property located at 5541 Old Philadelphia Pike, Gap, Pennsylvania[,] 17527; and Judgment for $110,766.17.

Complaint, 8/6/21, at 3. Appellants confessed judgment against GLL for $110,766.17 and "ejectment in favor of [Appellants] for [the Property]." Confession and Ejectment, 8/6/21.

On August 22, 2022, the trial court entered the order granting GLL's petition to strike, stating, "The judgment previously entered in this matter on behalf of [Appellants] is stricken." Order, 8/22/22. Thus, the trial court's order struck the confessed judgment in its entirety. *See id.* Although the trial court's order is not marked as "final," it neither directs nor suggests further proceedings. Our review discloses no pending action before the trial court. No further proceedings are scheduled. Under these circumstances, we conclude the order is final and therefore appealable. *See id.*

Appellants present the following issues:

A. If it is determined that Appellants are not entitled to judgments for both possession and accelerated rent, did the trial court commit an error of law and/or abuse its discretion in striking

- 5 -

both judgments, as [Appellants] are entitled to some remedy where [GLL] admitted to defaulting under the lease between the parties?

B. Whether the trial court committed an error of law and/or abused its discretion in not denying [GLL's] Petition to Strike Judgment, which was untimely filed, and where [GLL] gave no compelling reason for its delay?

C. Whether the trial court committed an error of law and/or abused its discretion in ruling that it lacked personal jurisdiction over [GLL] to enter confessed judgments for possession and money damages, where [GLL] submitted to the trial court's jurisdiction to enter such judgments in the lease between the parties?

D. Whether the warrant of attorney to confess judgment is sufficient where it is in writing in bold, capital letters in the lease between the parties, signed by the person bound by it, and such signature bears a direct relation to the warrant?

Appellants' Brief at 3-4 (issues reordered, punctuation modified).

We review a trial court's ruling on a petition to strike a confessed judgment for an abuse of discretion or error of law. *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013).

Appellants first challenge the trial court's order striking both the confessed judgment for money damages **and** for possession of the property. Appellants' Brief at 22. Appellants claim they "should have been permitted to pursue at least a judgment of possession with a judgment for rent and other sums due to date or a judgment for accelerated rent." *Id.* Quoting this Court's decision in *Homart Dev. Co. v. Sgrenci*, 662 A.2d 1092 (Pa. Super. 1995), Appellants assert, "When the judgment is entered for possession, the landlord is … entitled to recover … those losses which he suffers in attempting

to relet the premises for the term of the lease." Appellants' Brief at 22-23 (quoting **Homart**, 662 A.2d at 1101). Appellants claim,

> [t]o the extent it is determined [Appellants] could not obtain both a confessed judgment for possession and accelerated rent, [they] should be permitted judgment for possession and for money damages for past-due rent and for other damages resulting from [GLL's] breach. Striking both judgments deprived [Appellants] of all their remedies.

*Id.* at 23 (footnote omitted).

Appellants additionally rely on our decision in **Pops PCE TT, LP. V. R & R Rest. Group, LLC**, 208 A.3d 79, 89 (Pa. Super. 2019). Appellants claim that in **Pops**, this Court concluded the trial court had erred in opening a confessed judgment. Appellants' Brief at 23. According to Appellants, the landlord in **Pops** confessed judgment for accelerated rent and possession, and the lease allowed judgment for both. *Id.* (citing **Pops**, 208 A.3d at 89, 90 n.1). Appellants assert,

> if this Court determines that [Appellants] could not confess judgment for both possession and accelerated rent, … the judgment for possession should be maintained and the judgment for accelerated rent should be opened to determine the appropriate amount due to [Appellants] for [GLL's] breach.

*Id.* at 24.

In addressing Appellants' issue, we are cognizant of the following:

> A petition to strike a judgment is a common[-]law proceeding [that] operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. … An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

- 7 -

> ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 549 Pa. 84, 700 A.2d 915, 917 (Pa. 1997) (quoting ***Resolution Trust Corp. v. Copley Qu-Wayne Assocs.***, 546 Pa. 98, 683 A.2d 269, 273 (Pa. 1996)). In assessing whether "there are fatal defects on the face of the record …, a court may only look at what was in the record when the judgment was entered." ***Id.*** Moreover, if any defect disclosed by the record "is one that can be remedied by an amendment of the record or other action, *nunc pro tunc*, the judgment should not be stricken off." ***George H. Althof, Inc., v. Spartan Inns of Amer., Inc.***, … 441 A.2d 1236, 1237 (Pa. Super. 1982). …

***Dime Bank v. Andrews***, 115 A.3d 358, 364 (Pa. Super. 2015).

In contrast, "[a] judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury." ***9795 Perry Highway Mgmt., LLC v. Bernard***, 273 A.3d 1098, 1102 (Pa. Super. 2022). Thus,

> the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. [T]he record must be sufficient to sustain the judgment. The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits.
>
> In contrast, if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] is disputed, then the remedy is by proceeding to open the judgment, not to strike it. **A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable.**

***Id.*** (citations and quotation marks omitted, emphasis added).

Upon review, we conclude that Appellants' reliance on our decisions in *Homart* and *Pops* is misplaced. In *Homart*, the landlord confessed judgment against the appellant/tenant for past-due rent, accelerated rent, and possession of the property. *Homart*, 662 A.2d at 1096-97. The appellant/tenant petitioned to **open** the judgments, arguing that he had not breached the lease, "but rather that [landlord] had breached the lease and rendered [tenant's] performance impossible …." *Id.* at 1097. The trial court denied the petition to open, finding that landlord had not breached the lease. *Id.*

On appeal, this Court reversed and remanded. *Id.* First, we observed that the tenant had presented an equitable defense, which should be resolved by the factfinder. *Id.* at 1100. We further found an independent basis for opening the judgment:

> A landlord must elect whether to confess judgment for possession and for all monies then due, or to confess judgment for all monies due for the entire term. When the judgment is entered for possession, the landlord is, of course, entitled to recover, as damages in a civil action, those losses which he suffers in attempting to re[-]let the premises for the term of the lease.... **The landlord, however, cannot … enter judgment for possession and for all moneys which would otherwise be due as rents through the end of the term.**

*Id.* at 1101 (emphasis added). This Court concluded that

> the money judgment, which included accelerated rent and possession, was "entered for an amount which was grossly excessive", in light of the entry of the judgment for possession[] and is subject to a motion to strike. [**The tenant,**] **however, did not file a motion to strike and, thus, has waived his right to this relief.** *See*[] Pa.R.Civ.P. 2959. The judgment should,

however, have been opened, in response to the petition to open filed by [the tenant], so as to resolve the issue of the amount of the money judgment, where [the landlord] had also confessed judgment for possession, even if the trial court believed that there was not sufficient evidence of a breach of the lease by appellee to warrant submission of that issue to a jury.

*Id.* at 1101-02.

Similarly, in *Pops*, the landlord filed a landlord-tenant complaint against the tenant, seeking only possession of the leased premises. *Pops*, 208 A.3d at 83. The Magisterial District Judge (MDJ) entered judgment finding tenant in default of the lease and granting possession to landlord. *Id.* No damages were awarded, and tenant did not appeal the MDJ's decision. *Id.* Subsequently, the landlord confessed judgment for money damages against tenant, including accelerated rent due under the lease. *Id.* The tenant filed a petition to strike/open the confessed judgment. *Id.* The tenant alleged that (a) it did not breach the lease; (b) it had properly terminated the lease by letter; and (c) the landlord was not entitled to accelerated rent, as it had possession of the leased premises. *Id.* The trial court denied the requests to strike and open the confessed judgment. *Id.* at 84.

On appeal, the tenant challenged only the trial court's refusal to **open** the confessed judgment. *Id.* at 85. This Court reversed the denial of the petition to open:

[T]he record indicates [the landlord] obtained a judgment for possession of the leased premises on January 29, 2015, and remained in possession of the premises at the time it filed its complaint in confession of judgment in June of 2015, in which it sought monetary damages including accelerated rent through

- 10 -

October of 2023. **Under Pennsylvania law, however, [the landlord] was limited to seeking actual monetary damages as of the date it took possession, and it was legally precluded from seeking accelerated damages against [the tenant]**. Based on the foregoing, we deem the trial court's refusal to open the confessed judgment to be a clear error of law.

*Id.* at 89 (citations omitted, emphasis added).

In both **Homart** and **Pops**, this Court recognized the impropriety of confessing judgment for both accelerated rent and possession. **Homart**, 662 A.2d at 1101; **Pops**, 208 A.3d at 89. We concluded in both cases that opening the judgment was appropriate, where that was the only remedy sought. **Homart**, 662 A.2d at 1101-02; **Pops**, 208 A.3d at 85, 89. Neither **Homart** nor **Pops** require a trial court to open a confessed judgment, where a petition to strike was filed.

This Court has long held that "where the lessor terminates the lease and enters into possession[,] he may not have possession of the premises and also judgment for rent for the unexpired period of the lease." **H. A. Steen Indus., Inc. v. Richer Commc'n, Inc.**, 314 A.2d 319, 322 (Pa. Super. 1973). As this Court recognized in both **Homart** and **Pops**, a landlord "cannot … enter judgment for possession and for all moneys which would otherwise be due as rents through the end of the term." **Pops**, 208 A.2d at 89 (quoting **Homart**, 662 A.2d at 1100).

Here, Appellants confessed judgment for both accelerated rent and possession, and GLL filed a petition to strike. Under these circumstances, the

- 11 -

trial court did not err in striking, rather than opening, the confessed judgment.[3]  Appellants' claim merits no relief.

Appellants next argue the trial court erred in granting the petition to strike, because it was untimely filed with no compelling reason for the delay.  Appellants' Brief at 18.  According to Appellants,

> [p]ursuant to Rule 2959 of the Pennsylvania Rules of Civil Procedure, if written notice is served on a petitioner pursuant to Rule 2956.1(c)(2) (which provides for serving notice under Rule 2958.1) or Rule 2973.1(c) (which provides for serving notice under Rule 2973.2), a petition to strike off or open judgment shall be filed within thirty days of such service.  Pa.R.C.P. No. 2959(a)(3); 2956.1(c)(2); 2973.1(c).  A petition to open or strike a confessed judgment not timely filed shall be denied unless the defendant can demonstrate compelling reasons for the delay.  Pa.R.C.P. No. 2959(a)(3).

Appellants' Brief at 19.  Appellants claim GLL was served with Notice of the judgment and execution under Rule 2958.1, and provided notice of the judgment and execution on September 8, 2021, in accordance with Rule 2973.2.  *Id.*  Appellants assert GLL had no compelling reason for its eight-month delay in filing the petition to strike.  *Id.* at 20.

As this Court explained,

> [a] petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief.  A fatal defect on the face of the record denies the prothonotary the authority to enter judgment.  When a

---

[3] The trial court explained it granted the petition to strike because "written notice of execution has not been served upon [GLL]."  Trial Court Opinion, 11/15/22, at 11.  We are not bound by the rationale of the trial court and may affirm on any basis.  *In Re Jacobs*, 15 A.3d 509, 509 n.1 (Pa. Super. 2011); *accord Perelman v. Perelman*, 259 A.3d 1000, 1010 n.4 (Pa. Super. 2021).

prothonotary enters judgment without authority, that judgment is void *ab initio*….

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022). A void judgment cannot be made valid by the passage of time. ***M & P Mgmt., L.P. v. Williams***, 937 A.2d 398, 401 (Pa. 2007).

Here, a landlord "cannot ... enter judgment for possession and for all moneys which would otherwise be due as rents through the end of the term." ***Pops***, 208 A.2d at 89 (quoting ***Homart***, 662 A.2d at 1100). Recovery for both accelerated rent and possession is prohibited. ***H. A. Steen Indus.***, 314 A.2d at 322. Consequently, Appellants' confessed judgment, for both accelerated rent and possession, is defective on its face and void, not voidable. ***See id.***; ***see also Pops***, 208 A.2d at 89; ***Homart***, 662 A.2d at 1100. Appellants' issue merits no relief.

In light of our disposition, we need not address Appellants' remaining issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2023

- 13 -